IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES A. CAIN, | ) | |
| | ) | **JURY DEMAND** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-7029 |
| | ) | |
| COOK COUNTY HEALTH & HOSPITAL | ) | |
| SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff, James A. Cain, hereby complains against the Defendant Cook County Health & Hospital System ("CCHHS") as follows:

### Nature of the Action

1.      The Plaintiff James A. Cain ("Cain") is a 57-year-old person with a disability who was forced to retire from his position as Carpenter Foreman for CCHHS at Stroger Hospital. Cain suffered from an acute anxiety disorder and post-traumatic stress disorder. Cain was also injured while on the job by suffering a torn plantaris tendon. Due to his disability and age, Cain was forced to endure constant harassment and was subjected to disciplinary actions (including termination). The disciplinary actions ultimately proved to be unfounded, and was never allowed to return to work. Cain was permanently replaced by a substantially younger worker that lack the basic qualifications to be a Carpenter, let alone a Carpenter Foreman.

2.      On June 23, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of his disability and age.

1

3. On June 29, 2017, the EEOC issued a right to sue letter which was received by Plaintiff on or about July 3, 2017 notifying him of his right to sue. A copy of the Notice is attached hereto.

4. Cain has timely filed this action within 90 days after receiving the Right to Sue Notice from the EEOC, and demands a trial by jury.

### Jurisdiction and Venue

5. This action is brought pursuant under the Americans with Disabilities Act of 1990 as amended (42 U.S.C. § 12101, *et seq.*), because it arises under the laws of the United States, and 1343(4) because this action arises from an Act of Congress for the protection of civil rights. Further, this Court has jurisdiction of this case under 29 U.S.C. §626(c) and 28 U.S.C. §1331, in that this is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* (ADEA).

6. Jurisdiction exists under 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action arises under the laws of the United States, and §1343(4) because this action arises from an Act of Congress for the protection of civil rights. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for damages, injunctive and other relief for illegal discrimination in employment.

7. Venue is proper in this District because Plaintiff was employed by the Defendant at its facility in Chicago, Cook County, Illinois, located within this District, and the events complained of arose there.

### Parties

8. Plaintiff, Cain, is an individual residing in Chicago, Illinois.

9.      The Defendant, CCHHS is the governing body for public hospitals in Cook County, which includes Stroger Hospital.

10.     Cain began his employment with Defendant on June 2, 1985, and through hard work was able to work his way up to the position of Carpenter Foreman.

11.     Cain has consistently performed his work in a satisfactory manner so as to warrant continued employment free from disciplinary action and harassment.

### Discrimination Based on Disability

12.     Beginning in late 2012 Cain began suffering from an emotional and mental disability which was diagnosed as generalized anxiety disorder with post-traumatic stress disorder affects. During these episodic flare-ups of his disabling condition precipitated by stress, Cain becomes incapacitated and unable to function in many major life activities including, but not limited to, working. Between the flare-ups, which he seeks to control by medication and intensive therapy, Cain could perform all the essential functions of his job, Carpenter Foreman.

13.     CCHHS, David Lai, an associate administrator and James DeLisa, the Director of Operations for Stroger Hospital were aware of Cain's disability, his record of disability, and had regarded him as being disabled when Cain was granted disability leave on multiple occasions.

14.     On or about December 17, 2014, due to his disability, Cain went on approved unpaid disability leave.

15.     Cain requested a reasonable accommodation that his Carpenter Foreman position remain open until he could return from the disability leave. This request for a reasonable accommodation was granted.

16.     While on leave, Cain was repeatedly harassed with threats of suspensions and termination that were based on unfounded allegations and ultimately rejected by a neutral arbitrator as violating Cain's due process rights.

17.     On January 12, 2015, CCHHS demanded that Cain return to work and face a pre-disciplinary hearing, despite his medical condition that prevented him from working or participating in any meaningful fashion. Cain could not attend, and the hearing was not held.

18.     On at least three other occasions from March 27, 2015 through May 18, 2015, CCHHS ordered Cain to return to work and face disciplinary charges. Cain was still on approved medical leave, and was unable to return to work and participate in a hearing. CCHHS was notified that Cain was on approved medical leave and that he was unable to participate in the hearings or return to work.

19.     A disciplinary hearing was held *in absentia* on May 18, 2015, and a CCHHS hearing officer recommended that Cain be discharged.

20.     On June 26, 2015, CCHHS sent a letter notifying Cain and the Chicago Regional Council of Carpenters ("Union") that Cain was discharged effective June 26, 2015. Cain's approved medical leave status was also rescinded effective June 26, 2015.

21.     On July 10, 2015, the Union filed a grievance claiming that Cain's procedural due process rights were violated and that the discharge was without cause.

22.     On August 5, 2016, a neutral arbitrator sustained the Union's grievance and ordered that CCHHS reinstate Cain, ordered that Cain's medical leave status be reinstated, and that Cain be allowed to return to his position as Carpenter Foreman upon doctor approval.

23.     Despite being ordered to keep Cain's Carpenter Foreman position open until Cain was cleared to return to work, CCHHS had Cain's position permanently filled.

24.     In addition to filing Cain's position, CCHHS held up disability benefit payments that Cain was entitled to receive through the Cook County Pension Fund. This continued until Cain was forced to retire on June 1, 2017.

## COUNT I

## (DISCRIMINATION IN VIOLATION OF THE ADA)

25.     Plaintiff incorporates the allegations paragraphs 1 through 24 as if fully alleged herein.

26.     CCHHS is an employer within the meaning of Title I of the Americans with Disabilities Act, 42 U.S.C. §12111(5)(A).

27.     Cain is a qualified individual with a disability within the meaning of Title I of the Americans with Disabilities Act, 42 U.S.C.§12111(8).

28.     CCHHS intentionally discriminated against Cain because of his disability in violation of the Americans with Disabilities Act by among other things:

a. subjecting Cain to a hostile working environment that substantially altered

the terms and conditions of his employment;

b. failing to engage in a meaningful interactive process with Cain to determine an

appropriate accommodation for his disability;

c. approving a reasonable accommodation request, and then denying the request without

any legitimate reason;

d. refusing to provide Cain with any reasonable accommodation that would allow him to

return to work and perform his job duties;

e. terminating Cain's employment; and

5

f. refusing to allow Cain to return to his former position.

29. As a result of the violation of the Americans With Disabilities Act, the Plaintiff has suffered severe emotional distress, in addition to financial losses.

WHEREFORE, the Plaintiff, James A. Cain, requests that this Court enter judgment in his favor and against the Defendant, Cook County Health & Hospital Systems and to grant him the following relief:

A. Declare that the acts and practices complained of herein are in violation of The Americans with Disabilities Act;

B. Restrain and permanently enjoin these violations of the Americans With Disabilities Act;

C. Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

D. Award Plaintiff lost wages;

E. Award Plaintiff compensatory damages and damages for his mental anguish and humiliation;

F. Award Plaintiff his expenses incurred in connection with this action, including reasonable attorney's fees; and

G. Grant Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II

### (DISCRIMINATION IN VIOLATION OF THE ADEA)

30. Plaintiff incorporates the allegations paragraphs 1 through 24 as if fully alleged herein.

31.     The ADEA provides that is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)

32.     Cain is entitled to invoke the protections of the ADEA because he was over 40 years old at the time of his termination. 29 U.S.C. § 631.

33.     Upon information and belief on or before May 31, 2017, CCHHS permanently replaced Cain by placing a younger less qualified worker in the position of Carpenter Foremen on a permanent basis.

34.     CCHHS intentionally discriminated against Cain by using the pretext of a unlawful termination (which was overturned by a neutral arbitrator) to have Cain permanently replaced by a younger worker which eliminated Cain's position upon return from medical leave.

35.     In terminating Cain's employment because of his age, CCHHS treated Cain differently and less favorably than it treated younger employees.

36.     At all relevant times, CCHHS was under a duty to conduct and implement its personnel decisions in a non-discriminatory manner without regard to the ages of its employees.

37.     Cain's termination occurred under circumstances that raise a reasonable inference of unlawful discrimination and CCHHS's proffered reasons for terminating Cain were pretextual.

38.     CCHHS' decision to terminate Cain constitutes unlawful age discrimination in violation of 29 U.S.C. § 621 *et. seq.*

39.     Said violation of the ADEA was a willful violation in that CCHHS knew that its actions violated the ADEA and/or CCHHS acted with reckless disregard of the ADEA.

40.     CCHHS' conduct, in violation of the ADEA, was the direct and proximate cause of Cain incurring severe damages including, but not limited to, loss of employment, lost wages, and lost benefits.

41.     As a proximate result of the foregoing facts, Cain suffered the loss of his job, lost wages, and the value of lost benefits.

WHEREFORE, Plaintiff prays for relief in the form of an Order:

A. Awarding her an amount equal to his lost wages and value of her lost benefits;

B. Awarding his liquidated damages equal to his lost wages and benefits;

C. Awarding his attorney's fees and all costs and expenses associated with this litigation;

D. Ordering Defendant to remove from its records any reference to a "no rehire" status for Plaintiff; and

E. Such other relief as this Court deems just and appropriate.


Respectfully submitted,

JAMES A. CAIN


s/ Raymond J. Sanguinetti
Raymond J. Sanguinetti
RATHJE & WOODWARD, LLC
300 East Roosevelt Road, Suite 300
Wheaton, IL 60187
(630) 668-8500
rsanguinetti@rahtjewoodward.com

8

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>440-2017-04518 |
|---|---|---|

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br><br>**James A. Cain** | Home Phone *(Incl. Area Code)*<br><br>**(630) 408-3537** | Date of Birth<br><br>**1959** |
|---|---|---|

| Street Address<br><br>**5134 S. Keeler Avenue, Chicago, IL 60632** | City, State and ZIP Code |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br><br>**COOK COUNTY HEALTH & HOSPITAL** | No. Employees, Members<br><br>**500 or More** | Phone No. *(Include Area Code)*<br><br>**(312) 864-6487** |
|---|---|---|

| Street Address<br><br>**1901 W Harrison St, Chicago, IL 60612** | City, State and ZIP Code |
|---|---|

RECEIVED EEOC

JUN 2 3 2017

CHICAGO DISTRICT OFFICE

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☐ RETALIATION    ☒ AGE    ☒ DISABILITY    ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                  **06-23-2017**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I began my employment with Respondent on or about June 2, 1985. My most recent position was Carpenter Foreman. During my employment, Respondent became aware of my disability. Recently, I went on a medical leave of absence and Respondent replaced me with a younger individual. Also, I have been subjected to constant harassment while on my medical leave of absence, in that Respondent has consistently refused to submit proper information and/or the correct and necessary forms to ensure that I receive disability benefits on a monthly basis. Additionally, Respondent has changed my job description to duties that are unrelated or not routinely performed, all in an effort to keep me from returning to work as a Carpenter Foreman.**

**I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended. Furthermore, I believe I have been discriminated against because of my age, 57, (d.o.b. August 25, 1959), in violation of the Age Discrimination in Employment Act of 1967, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jun 23, 2017**<br>Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: James A. Cain
5134 S. Keeler Avenue
Chicago, IL 60632

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2017-04518 | Sherice Galloway, Investigator | (312) 869-8132 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | More than 180 days have passed since the filing of this charge. |
| X | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| X | The EEOC is terminating its processing of this charge. |
| | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| X | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
| | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_Julianne Bowman_
Julianne Bowman,
District Director

6-29-17
(Date Mailed)

cc: Nicholas Krasucki
EEO Director
COOK COUNTY HEALTH & HOSPITAL SYSTEM
1901 W Harrison St
Chicago, IL 60612