IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES A. CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 17 CV 7029 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| COOK COUNTY HEALTH & HOSPITAL SYSTEM, | ) ) | |
| | ) | |
| Defendant. | ) | |

**LOCAL RULE 37.2**
**STATEMENT OF RAYMOND J. SANGUINETTI**

Raymond J. Sanguinetti, pursuant to 28 U.S.C. §1746, states as follows:

1.  I am an attorney of record for Plaintiff James A. Cain ("Cain") in this matter.

2.  On January 3, 2019, Cain served its First Request for Documents and First Set of Interrogatories on Defendant Cook County. In addition, Cain served Notices of Deposition for witnesses identified in Defendant's Rule 26(a)(1) Disclosures.

3.  On February 5, 2019, Plaintiff's counsel inquired as to the status of Defendant's responses to discovery and availability of Defendant's witnesses for deposition.

4.  On February 5, 2019, counsel for Plaintiff and Defendant held a Rule 37 conference. During the call Defendant's counsel requested an additional 14 days (February 19, 2019) to provide answers to all outstanding discovery and to provide dates for depositions for Defendant's witnesses to occur after March 4, 2019.

5.  On February 7, 2019, counsel for Plaintiff and Defendant had an in-person Rule 37 conference (after court) to confirm that Defendant would be providing responses to discovery on

February 19, 2019 as well as providing dates for Defendant's witnesses to be deposed to occur after March 4, 2019.

6. On February 19th and February 27th, Plaintiff's counsel emailed Defendant's counsel requesting an update on the overdue discovery responses and deposition dates.

7. On March 12, 2019, Plaintiff presented a motion to compel answers to written discovery and for depositions of Defendant's witnesses. The Court denied the motion to compel as moot in light of Defendant's representations that Defendant would answer all outstanding discovery and provide dates for witness depositions to Plaintiff by March 19, 2019. **(Ex. A)**

8. On March 19, 2019 Defendant finally provided answers to written discovery, but the answers were woefully deficient with the Defendant objecting to essentially every request based on attorney client privilege and other baseless grounds. However, Defendant only provided dates for two of its witnesses (Lewandowski and Groth) despite what was agreed to in open court on March 12, 2019.

9. On March 26, 2019, the parties held a Rule 37 conference on Defendant's discovery responses and deposition dates. The parties were able to reach an agreement as to Defendant providing revised responses to discovery and to deposition dates on or before April 9, 2019. **(Ex. B)** Defendant failed to comply and requested more time to comply. On April 17, 2019, Defendant produced some documents responsive to discovery.

10. From April 19, 2019 through April 26, 2019, the parties had several discussions (emails and calls) about outstanding discovery and depositions. Defendant indicated that he could not contract his witnesses and was having difficulty finding out information to respond to interrogatories as well as responsive documents. Defendant filed an agreed motion to extend discovery to address these issues.

11. On May 1, 2019, the Court heard Defendant's motion and ordered fact discovery closed on June 30, 2019, and treater discovery closed on July 31, 2019. The Court also ordered Defendant to notify Plaintiff on or before May 22, 2019 as to whether Defendant could produce its third party witnesses. **(Ex. C)**

12. On May 21, 2019, the parties spoke and Defendant's counsel informed Plaintiff that he was still trying to locate his witnesses and would not give Plaintiff the witnesses' last known addresses or other information necessary to locate the witnesses. Defendant's counsel also stated that he needed a few more weeks to respond to outstanding discovery.

13. On June 17th and June 20th, Plaintiff's counsel asked Defendant's counsel to provide dates for depositions of his witnesses. On June 20th, Defendant's counsel stated that all of the witnesses were available to be deposed on any date through June 30th. Defendant's counsel was notified that these depositions would take place in Wheaton. Plaintiff re-noticed the depositions for June 27th and June 28th. **(Ex. D)**

14. On June 21, 2019, the parties discussed Defendants long overdue supplemental answers to interrogatories and completion of production of documents. Defendant stated that he would provide all of this information on Monday June 24, 2019.

15. At 11:58 p.m. on June 24, 2019, Defendant emailed Plaintiff approximately 400 pages of previously unproduced documents and incomplete answers to interrogatories.

16. On June 26th, Defendant's counsel informed Plaintiff that two witnesses Mr. DeLisa and Mr. Lai were not available for deposition until dates in July.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 28, 2019

s/ Raymond J. Sanguinetti